FILED

OCT 28 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| RICARDO GARCIA | ) | |
| Plaintiffs, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | **CIVIL ACTION NO**: |
| | ) | |
| MAVERICK COUNTY; | ) | |
| COMMINDIONERS COURT, | ) | |
| Dir. OSCAR O. GARZA, | ) | DR 26CV0087 |
| TED MENDOZA, | ) | |
| Defendants | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, RICARDO GARCIA, Plaintiff, pursuant to a Monell Claim, complaining of Maverick County, Defendant Director Oscar Garza, Ted Mendoza and for cause of action, will respectfully show unto the Court as follows:

## I. Parties

1. Plaintiff Ricardo Garcia is a construction, with a degree in Computer Science and is a resident of Maverick County Texas.

2. Defendant Oscar Garza is an individual residing in Maverick County, Texas and at the time of this incident, employed by said County as Planning Director.

3. Defendant Garza is the head of the building and permits department, he is sued in his official and individual capacity.

4. Defendant Ted Mendoza is an individual residing in Maverick County, Texas. At the time incident to this action, employed by said County, in Defendant's Garzas' department. Defendant Ted Mendoza is sued in his individual capacity.

5. Maverick County Commissioners Court, Defendants, government body and final policy makers of Maverick County, Texas

## II. Jurisdiction and Venue

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983. Any state law claims are brought pursuant to 28 U.S.C. §1367 and are subject to this court's supplemental jurisdiction. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1391 because Defendant is domiciled and/or resides in the Western District of Texas, and all or a substantial part of the cause of action accrued in the Western District.

## III. Facts and Allegations

7. Maverick County's Commissioners Court,' building and permits department, headed by Defendant Garza has a custom of illegally, unreasonably seizing vehicles from its citizens without authority and without due process

8. This policy by Maverick County of unreasonably seizing cars being enforced building and permits department, has been going on for a long time; evidence exists to prove it.

9. Every citizen living or going to the suburbs of Eagle Pass, TX, the unincorporated area of Maverick County, is afraid of having their vehicle seized by the County building inspectors.

10. In the past year, Plaintiff has had 2 vehicles seized by Defendants.

11. Plaintiff has property interest in his vehicles.

12. On August, 8 2026, Plaintiff came home for lunch and legally parked his truck, alongside Plaintiff house.

13. A few minutes later, plaintiff came out and his truck was being hooked up and taken away by a wrecker truck.

14. Plaintiff knew that not being law enforcement around authorizing the seizure, or a sign prohibiting the parking, it had to be the building inspectors.

15. A previous vehicle, was also seized by same defendants about ten months ago, Defendant Mendoza was seen alone around that vehicle, in plaintiffs' surveillance camera.

16. Plaintiff told Defendant Mendoza to get away from his car, not long after, a wrecker arrived and took the car.

17. When Plaintiff inquired the wrecker driver that one time, of why his car was being taken, the wrecker driver only said to have gotten a call from the County building inspector.

18. The wrecker driver also mentioned that was his second vehicle to tow, and had four more vehicles to tow for the day after Plaintiffs'.

19. Plaintiff was not able to recover the first car seized because of lack of funds.

20. On August, 8 2026, the second vehicle seized, it was Plaintiff work truck.

21. To get it back, costed hundreds, along with a lot of mental anguish, and 3 weeks not being able to work.

22. This situations have happens to many, many Maverick County citizens.

23. Plaintiff is aware of another senior woman on another part of town, whom same Defendants, took 3 of her vehicles parked at her house, plaintiff has not inquired yet, if she was able to recover.

24. After the unreasonable seizure of plaintiff's second vehicle seized, his work truck, Plaintiff approached Planning Director. Defendant Oscar Garza at his Building and Plaining office about his vehicles.

25. Plaintiff was given a vague explanation by an inspector there, and further directed to her boss, the Planning Director. Defendant Oscar Garza.

26. Plaintiff inquired the head of this Department, Defendant Oscar Garza about and of under what law or authority they had to seize vehicles, the conversation was recorded.

27. Defendant Director Garza on his computer showed and referred Plaintiff to Transportation Code, Title 7 - Vehicles and Traffic, Subtitle H. Chapter 683.

SUBCHAPTER B. ABANDONED MOTOR VEHICLES: SEIZURE AND AUCTION

Sec. 683.011. AUTHORITY TO TAKE ABANDONED MOTOR VEHICLE INTO CUSTODY. (a) A law enforcement agency may take into custody an abandoned motor vehicle, aircraft, watercraft, or outboard motor found on public or private property.

(b) A law enforcement agency may use agency personnel, equipment, and facilities or contract for other personnel, equipment, and facilities to remove, preserve, store, send notice regarding, and dispose of an abandoned motor vehicle, aircraft, watercraft, or outboard motor taken into custody by the agency under this subchapter.

28. Defendant Oscar Garza even printed the whole chapter for Plaintiff to take, and even garbled something about working in conjunction with sheriff department.

29. Director Defendant Oscar Garza called his employee Defendant Ted Mendoza about the whereabouts of plaintiff truck, then provided Plaintiff with information were his truck was being held.

30. Plaintiff arrived at the VSF to inquire about his truck, and before anything, the employee there gave Plaintiff a business card of Director Defendant Oscar Garza office and told Plaintiff to contact him first. Exh. C

31. Plaintiff also contacted Capt. Efrain Valdez of the sheriff office about the seizures, his truck.

32. Maverick County Sherriff office Capt. Efrain Valdez, after about 30 minutes of investigating, informed Plaintiff they have nothing to do with the seizures.

33. Plaintiff, upon reading the printed law given by Defendant Garza, Plaintiff returned back to Defendant Garza office, voice recorder in hand and confronted Director Defendant Garza, that if in fact, they were using that law printed and handled to Plaintiff, to seize citizens' vehicles, they were in fact committing crimes of "impersonating police officers".

Texas Penal Code - PENAL § 37.11. **Impersonating Public Servant**

(a) A person commits an offense if the person:

(1) impersonates a public servant with intent to induce another to submit to the person's pretended official authority or to rely on the person's pretended official acts; or

(2) knowingly purports to exercise, without legal authority, any function of a public servant or of a public office, including that of a judge and court.

(b) An offense under this section is a felony of the third degree.

34. Director Defendant Oscar Garza was told by plaintiff, that they not have authority to seize vehicles, because the law specifically states that only and specifically what law enforcement agency have to authority to seize vehicles.

Sec. 683.001. DEFINITIONS. In this chapter:

(1) "Department" means the Texas Department of Motor Vehicles.

(2) "Garagekeeper" means an owner or operator of a storage facility.

(3) "Law enforcement agency" means:

(A) the Department of Public Safety;

(B) the police department of a municipality;

(C) the police department of an institution of higher education; or

(D) a sheriff or a constable.

35. Defendants, including Director Garza are not a law enforcement agency, pursuant to the definitions of the chapter of the applied statue; as it is under Texas law, Defendants have very limited authority in the county; and have not been trained to enforce Texas Transportation Code traffic laws of Transportation Code, Title 7 - Vehicles and Traffic, Subtitle H. Chapter 683.

36. Furthermore, continuance of traffic law education, is also required, in to enforce traffic law, pursuant to

Texas Transportation Code - TRANSP § 644.101

d) A sheriff, a deputy sheriff, or any peace officer **that does not attend continuing** education courses on the enforcement of traffic and highway laws and on the use of radar equipment as prescribed by Subchapter F, Chapter 1701, Occupations Code, 1 **shall not enforce traffic and highway laws**.

37. Director Defendant Oscar Garza was further advised by Plaintiff that a remedy existed in the law, a simple phone call to the VSF and or by simply the County Paying for the illegal tow and seizure. to have the truck release.

38. Defendant Director Oscar Garza chose to let the Plaintiff deal with the hardships and do nothing about it.

39. The illegal vehicle seizure fees kept amounting.

40. Plaintiff made the County judge office aware of this unauthorized seizures to no avail. Nor help.

41. As a remedy, Plaintiff tried the tow hearing in a Justice of the Peace (JP) Court under Texas Occupations Code Chapter 2308.

42. Couple weeks later after filing petition for tow hearing, Plaintiff finally got the Summons for the tow hearing date,

43. The summons now included parties not **initially** included in the plaintiffs hearing petition. One of the party mysteriously added, was the interim Maverick County Judge, a local attorney.

44. Per Texas Disciplinary Rules of Professional Conduct, its conflict of interest, being the County Judge added as a party

45. Had Plaintiff needed to appeal the decision of the Tow hearing, it would then be heard by the same County Judge that was mysteriously added as a party.

46. No way to win in this county.

47. It should shock the conscience of anyone, that it could be possible, that any local government county employee, such as a county tax clerk, the county trash collector, the county dog catcher, or a building inspector, whom is not required any training before hiring, and has had inadequate training now hired. To seize anyone vehicle without authority

## Judicial Notice

A. Plaintiff uses his vehicles daily, none are abandoned nor inoperable.

B. Defendants continue to be employed and part of our local government and it's highly predictable that this unlawful, unreasonable seizures continue.

C. Defendants may have authority to abate a public nuisance, but not without first going through the process to declare your property a nuisance, other procedures and penalties such as a small fine, but a seizure is not authorize by law.

D. Plaintiff has a right to hearing, a fine, a court order, warrant, perhaps 10-30 days to remedy if anything.

E. It's known that Defendants only use of one towing, storage company; there is allegations of kickbacks.

F. As of right now, as this action is typed, there is vehicle couple houses down, with the same sticker on the windshield, left about the whole Maverick County, for the towing wrecker driver to recognize and seize, from defendants department.

Exh A, B

## Cause of Action

48. A. Violation of 42 U.S.C. § 1983 Et. Seq., Fourth Amendment to the United States Constitution.

The Fourth Amendment guarantees individuals the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." United State v. Macias, 658 F.3d 509, 517 (5th Cir. 2011)

### I. Ilegal Seizure of Property Violations

A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States* v. *Jacobsen,* 466 U. S. 109, 113.

49. Without probable cause warrant, administrative warrant, nor authority, acting under the color of law, Defendant have deprived Plaintiff of his Rights to due process, to be free from the illegal seizure of his vehicles.

## V. Cause of Action

### II. Due Process Violations

50. Violation of 42 U.S.C. § 1983 Et. Seq., Fourteenth Amendment to the United States Constitution, Due Process Clause

"No State shall make or **enforce** any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or **property, without *due process* of law**; nor deny to any person within its jurisdiction the equal protection of the laws"

51. Without authority, and without proper due process, Plaintiff vehicles were illegally seized.

> Its well established, that due process requires that "individuals must receive notice and an opportunity to be heard before the Government deprives them of property" United States v. James Daniel Good Real Prop., 510 U.S. 43, 48, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993);

52. Plaintiff has a Due Process right to a fair hearing, for the seizure of his vehicles and at the Justice of the Peace tow hearing.

Incorporated through the 14th amendment U.S Constitution.

**VI**

## Fifth amendments

"Takings Clause" violations pursuant to Texas Constitution and the U.S. Constitution

## Qualified Immunity

53. As it is anticipated, Defendants sued in their individual capacity will raise, or attempt to raise, a defense of qualified immunity. In this regard, Plaintiff pleads that it was well-established law, well before date incident to this action, that every citizen of the United States has a clearly defined constitutional right to Due Process and to be free from an unlawful seizure by government officials in accordance with the Fourth Amendment to the United States Constitution, as applied to the several States through the Fourteenth Amendment.

54. Qualified immunity shields government officials performing discretionary duties, defendants do not have a vehicle seizure discretional duty, no authority to. Therefore not entitled to Qualified Immunity

## VI. Damages

55. As a direct and proximate result of the occurrence made bases of this lawsuit, Plaintiff was forced to suffer:

a. Loss of property

b. Loss of employment;

c. Emotional distress, torment and mental anguish;

d. Pecuniary loss associated with Plaintiff's unlawful unreasonable seizures of vehicles.

56. Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff seeks to recover, and hereby request the award of exemplary damages, reasonable attorney's fees should any incur in the future, expenses and costs of court.

## VII. Jury Request

57. Plaintiff respectfully request a jury trial.

## VIII. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendants, for amount in excess of jurisdictional minimum of this court. Plaintiff further prays for all other relief, both legal and equitable, to which they may show themselves justly entitled.

Respectfully submitted,
/s/ Ricardo Garcia

Ricardo Garcia
299 Karen DR.
Eagle Pass, TX 78852
(830) 352-2811
Mr.kool.kat1@gmail.com




Exh
A
TEXAS
RZJ 0280
The Lone Star State

WARNING

Ex+. 1 (2)

**NOTICE**: THIS VEHICLE IS IMPROPERLY PARKED

VIOLATIONS ARE AS FOLLOWS:

- ☑ EXPIRED REGISTRATION
- ☐ PARKED ON A FIRE LANE
- ☐ OBSTRUCTION
- ☑ INOPERABLE VEHICLE
- ☑ ABANDONED (48 HRS)
- ☐ ____________

THIS VEHICLE IS PARKED ILLEGALLY AND IS HEREBY SUBJECT TO TOWING AND IMPOUNDMENT, YOU HAVE 48 HOURS TO REMOVE OR CONTACT THE DEPARTMENT TO ADDRESS THIS NOTICE.

| | | |
|---|---|---|
| DATE: 8-5-26 | TIME: 11:31 | LICENSE #: RZJ-0280 |
| MAKE/MODEL/COLOR: VW Jetta / Silver | | VIN#: — |
| OFFICER: I. Mendoza | PHONE #: 520 752-0489 | |

Exh B



Ex 1.C

500 QUARRY STREET, SUITE 1
EAGLE PASS, TEXAS 78852
830-773-4377 OFFICE
830-421-7769 CELL
planning@co.maverick.tx.us

OFFICE OF THE COUNTY JUDGE
HON. RAMSEY ENGLISH CANTÚ
OSCAR O. GARZA
PLANNING DIRECTOR